**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DOROTHY DUNBAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. _____** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **VERSANT SUPPLY CHAIN and** | ) | |
| **AT&T,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

**COMES NOW,** Defendant Versant Supply Chain, Inc. ("Versant"), by its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, and files this Notice of Removal removing this action from the General Sessions Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support of this Notice of Removal, Versant states as follows:

**I.**
**NATURE OF THE CASE**

1.     The above-entitled action was commenced in the General Sessions Court of Shelby County, Tennessee on October 14, 2014 and is now pending in Cause No. 1712130. Copies of all process and pleadings received by Versant in this action are attached to this Notice of Removal collectively as "Exhibit A" and are incorporated herein by reference.

## II.
## TIMELINESS OF REMOVAL

2.      On October 16, 2014, Defendant Versant received service of the initial pleading in this action.

3.      Accordingly, this Notice of Removal, filed by Versant, is timely filed within thirty days of service of the initial pleading upon Versant, pursuant to 28 U.S.C. § 1446(b).

## III.
## FEDERAL QUESTION JURISDICTION

### A.      Venue

4.      Venue properly rests in the Western Division of the United States District Court for the Western District of Tennessee, pursuant to 28 U.S.C. § 123(c)(1), because this action is being removed from the General Sessions Court of Shelby County, Tennessee where it was originally filed and because the acts alleged in the complaint are alleged to have occurred in this district.

### B.      Federal Question

5.      This action was commenced against Versant in the General Sessions Court for Shelby County, Tennessee by the Plaintiff, and is of a civil nature alleging discrimination on the basis of religion and disability, and seeking damages in the maximum amount of Forty Thousand Dollars ($40,000).  (Exhibit A, Civil Warrant.)

6.      This Court has original jurisdiction over this matter insofar as its arises under the laws of the United States, in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.  See* 28 U.S.C. § 1331.  Although Plaintiff's Civil Warrant does not specify the statutory scheme under which she seeks relief, it may fairly be inferred that her only claims are under these federal statutes, as

any claims under Tennessee's parallel statute, the Tennessee Human Rights Act ("THRA"), are time-barred. Plaintiff was discharged from employment on April 24, 2013. Under the THRA, she was required to file either an administrative complaint with the Tennessee Human Rights Commission ("THRC") within 180 days of the discriminatory practice or a direct suit within a year of the discriminatory practice. *See, e.g.*, *Trimble v. IQ Grp.*, No 1:10-cv-26, 2010 U.S. Dist. LEXIS 102004, at *8-9 (E.D. Tenn. Sept. 27, 2010) (citing Tenn. Code Ann. §§ 4-21-302 and -401(d)(5)). Any THRA claims asserted by Plaintiff are barred because she does not assert that she filed a claim with the THRC, and she did not initiate a direct suit within one year of the alleged discriminatory practice. *See id.* at *9-10. Further, Plaintiff attached her right to sue notice from the EEOC to her Complaint, which is a prerequisite to filing a claim under Title VII and the ADA. *See* 42 U.S.C. § § 2000e-5(f)(1), 12117(a).

7.     Accordingly, Plaintiff's allegations in the Civil Warrant state a claim "arising under the . . . laws . . . of the United States," of which this Court has original jurisdiction, 28 U.S.C. § 1331, and which is properly removed to this Court, 28 U.S.C. § 1441(a).

8.     To the extent that this Court determines that Plaintiff's THRA claims are not time-barred, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367(a), because any such claim is so closely related to claims within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

## IV.
### NOTICE TO STATE COURT AND TO PLAINTIFF

9.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of removal and this Notice of Removal is being filed with the Clerk of the General Sessions Court of Shelby County, Tennessee.

**V.**
**CONSENT**

10.     Co-Defendant AT&T has not been served to Defendant's knowledge.  Therefore, its consent is not required for removal.  *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999).

For the foregoing reasons, this Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 in that the action is a matter in controversy under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

**WHEREFORE, PREMISES CONSIDERED** Defendant Versant requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

s/ Diana M. Comes
Brent Siler (#22289)
Diana M. Comes (#30112)
Butler Snow LLP
6075 Poplar Avenue, Fifth Floor
Memphis, Tennessee 38119
Phone:  901-680-7200
Fax:      901-680-7201
Email:  brent.siler@butlersnow.com
            diana.comes@butlersnow.com

*Attorneys for Defendant Versant Supply Chain, Inc.*

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2014, I electronically filed the foregoing document with the Clerk of Court using the ECF system and I further certify that I served a true and correct copy of the foregoing document on the following via U.S. Mail:

Dorothy Dunbar
245 W. Person Ave.
Memphis, TN 38109
*Pro se plaintiff*

s/ Diana M. Comes
Diana M. Comes

5